UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BETH ILISSA DUBIE,

                  Plaintiff,

-v-

NANCY A. BERRYHILL, Acting Commissioner of Social Security,[1]

                  Defendant.

CIVIL ACTION NO.: 17 Civ. 10095 (SLC)

**OPINION AND ORDER**

**SARAH L. CAVE**, United States Magistrate Judge.

### I. INTRODUCTION

Before the Court is a motion, filed by Howard D. Olinsky, Esq. ("Olinsky"), counsel for Plaintiff Beth Ilissa Dubie ("Dubie"), for attorneys' fees in the amount of $21,756.00 pursuant to a contingency fee agreement (the "Agreement") and the Social Security Act § 206(b)(1), 42 U.S.C. § 406(b)(1) (the "Act"). (ECF No. 29 (the "Motion"). The Motion follows a favorable decision awarding benefits to Dubie after the Court remanded this case to the Commissioner of Social Security (the "Commissioner") for further proceedings.

For the reasons set forth below, the Motion is GRANTED IN PART and DENIED IN PART. The Court awards attorneys' fees to Olinsky in the amount of $19,474.50 and orders Olinsky to refund promptly to Dubie the amount of attorneys' fees he was previously awarded under the Equal Access to Justice Act ("EAJA"), that is $7,015.78 (the "EAJA Fees").

---

[1] The Clerk of Court is respectfully directed to substitute Kilolo Kijakazi, Acting Commissioner of Social Security, for defendant Nancy A. Berryhill, and to amend the caption accordingly. See Fed.R.Civ.P. 25(d).

## II. BACKGROUND

On June 19, 2014, Dubie filed an application for Disability Insurance Benefits ("DIB"), "alleging disability beginning May 4, 2012 due to memory loss, phobias, depression, anxiety, eating disorders, panic disorder, and obsessive-compulsive disorder." (ECF No. 15 at 3). After the Social Security Administration ("SSA") denied Dubie's application, she requested that an Administrative Law Judge ("ALJ") conduct a hearing, which was held on July 14, 2016. (ECF No. 1 ¶ 6). On October 19, 2016, the ALJ denied Dubie's claim (the "ALJ Decision"). (Id.) On October 25, 2017, the Appeals Council denied Dubie's request for review, rendering the ALJ Decision the "final decision" of the Commissioner. (Id. ¶ 7).

On December 21, 2017, Dubie entered into the Agreement with Olinsky, who would represent her in seeking federal court review of the ALJ Decision. (ECF No. 30-1 at 2–3). The Agreement provides that, "if [Olinsky] wins [Dubie's] case in federal court, which means that either [her] case is remanded to the SSA for further proceedings . . . and/or the federal court enters a directed finding that [she is] disabled," Olinsky may receive an award of attorneys' fees for work performed in the federal case, pursuant to the EAJA. (Id. at 2). The Agreement recognizes Olinsky's "right to ask the court to award any remaining balance of 25% of [Dubie's] past-due benefits [] for representing [her] in federal court." (Id.) Finally, the Agreement contemplates that, if the federal court were to award Olinsky a fee out of Dubie's past-due benefits and an EAJA fee, Olinsky must refund the smaller fee to her. (Id.)

On December 27, 2017, Dubie filed the Complaint in this case. (ECF No. 1). The parties consented to Magistrate Judge jurisdiction. (ECF No. 12). After Dubie filed a motion for judgment on the pleadings (ECF No. 14), the parties stipulated that the ALJ's Decision was reversed and the

2

case was remanded for further proceedings. (ECF No. 19). On November 26, 2018, Olinsky filed a motion for attorneys' fees under the EAJA. (ECF No. 21 (the "EAJA Motion")). The parties then stipulated to resolve the EAJA Motion by the Commissioner's agreement to pay the EAJA Fees. (ECF No. 25).

In a Notice of Award dated May 2, 2020, the SSA notified Dubie that she was entitled to past-due benefits for September 2017 through February 2020 in the amount of $56,142.00. (ECF No. 30-2 at 2–3 (the "First Notice")). On August 26, 2020, Dubie learned of a second notice from the SSA informing her that she was entitled to past-due auxiliary benefits in the amount of $21,756.00 for September 2017 through March 2020. (ECF Nos. 30-3; 30-4 at 2 (the "Second Notice")). The total amount Dubie was awarded under the First Notice and the Second Notice is $77,898.00.

Olinsky did not represent Dubie at the administrative level; the attorney who did represent her received a fee of $6,000 pursuant to a fee agreement. (ECF Nos. 30 ¶ 7; 30-2 at 3).

On May 11, 2020, Olinsky filed a motion seeking $8,035.50 in attorneys' fees under § 406(b)(1) of the Act, (ECF No. 27 (the "First Fee Motion")), in response to which the Commissioner filed a letter stating its non-objection. (ECF No. 28). On September 3, 2020, Olinsky filed the Motion, which amended the First Fee Motion by increasing the amount of fees requested to $21,756.00, which, he claims, represents less than 25% of Dubie's past-due benefits. (ECF Nos. 29; 30 ¶ 8). In his affirmation accompanying the Motion, Olinsky represents that, if the Court were to award him fees under the Act greater than the amount of the EAJA Fees, he will refund the EAJA Fees to Dubie. (ECF No. 30 ¶ 9). The Court terminated the First Fee Motion as

superseded by the Motion, and ordered the Commissioner to respond. (ECF No. 31). The Commissioner did not file a response to the Motion.

In the course of litigating the federal case, Olinsky and his paralegals recorded a total of 40.2 hours, 32.5 of which were attorney hours and 7.7 of which were paralegal hours. (ECF Nos. 30 ¶ 11; 30-5; 30-6; 30-7).

### III. DISCUSSION

**A. Legal Standard**

The Act states that:

> Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]

42 U.S.C. § 406(b)(1)(A).

The Supreme Court has explained that "§ 406(b) does not displace contingent-fee agreements" but rather, "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002). Within the 25%statutory limit, an attorney "must show that the fee[s] sought [are] reasonable for the services rendered." Id. The Section 406(b) analysis of reasonableness "must begin with the agreement [between plaintiff and hercounsel], and the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable." Wells v. Sullivan, 907 F.2d 367, 371 (2d Cir. 1990) (internal citation omitted).

When evaluating the reasonableness of a contingency fee agreement, "a court should [] balance the interest in protecting claimants from inordinately large fees against the interest in

ensuring that attorneys are adequately compensated" so that they continue to represent clients in "disability benefits cases." Bate v. Berryhill, No. 18 Civ. 1229 (ER), 2020 WL 728784, at *2 (S.D.N.Y. Feb. 13, 2020) (internal citations omitted).

Specifically, in assessing the reasonableness of the requested fee award, the Court should consider: (1) "whether the contingency fee is within the twenty-five percent limit;" (2) "whether the retainer was the result of fraud or overreaching by the attorney;" and (3) "whether the attorney would enjoy a windfall relative to the services provided." Pelaez v. Berryhill, No. 12 Civ. 7796 (WHP) (JLC), 2017 WL 6389162, at *1 (S.D.N.Y. Dec. 14, 2017) (internal citations omitted), adopted by, 2018 WL 318478 (S.D.N.Y. Jan. 3, 2018).

With respect to the third factor — whether the award constitutes a "windfall" — courts in this Circuit consider:

> 1) whether the attorney's efforts were particularly successful for the plaintiff, 2) whether there is evidence of the effort expended by the attorney demonstrated through pleadings which were not boilerplate and through arguments which involved both real issues of material fact and required legal research, and finally, 3) whether the case was handled efficiently due to the attorney's experience in handling social security cases.

Blizzard v. Astrue, 496 F. Supp. 2d 320, 323 (S.D.N.Y. 2007) (quoting Joslyn v. Barnhart, 389 F. Supp. 2d 454, 456–57 (W.D.N.Y. 2005)).

Attorneys' fees may be awarded under the EAJA or Section 406(b), but a "claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" Rodriguez v. Colvin, 318 F. Supp. 3d 653, 658 (S.D.N.Y. 2018) (quoting Gisbrecht, 535 U.S. at 796).

B. **Application**

Olinsky seeks an award of attorneys' fees in the amount of $21,756, which, he claims, is less than 25% of the past-due benefits Dubie was awarded after remand. (ECF No. 30 ¶¶ 4, 6, 8).

5

As an initial matter, the Court notes that Olinsky's requested fees represent <u>more</u> than 25% of the total past-due benefits award, which as discussed above, totaled $77,898.00. (ECF Nos. 30-2 at 2–3; 30-3; 30-4 at 2).[2] Because the Act limits fee recovery to 25% or less of the past-due benefits award, 42 U.S.C. § 406(b)(1)(A), the Court reduces the requested fee amount to $19,474.50 (<u>i.e.</u>, $77,898.00 * 0.25).

Turning to the reasonableness of the requested fee award, Dubie's counsel was successful in bringing this case "in that they obtained an award of benefits" for her. <u>Stern v. Colvin</u>, No. 16 Civ. 4250 (LAP) (KHP), 2020 WL 8678087, at *1 (S.D.N.Y. Oct. 8, 2020), <u>adopted by</u>, 2021 WL 797646 (S.D.N.Y. Mar. 2, 2021). The Court is satisfied that $19,474.50 is consistent with the Agreement, and as the Commissioner noted in response to the First Fee Motion, there is no evidence that the Agreement is the product of fraud or overreaching. (ECF No. 28 at 3). Furthermore, Olinsky did not unreasonably delay the resolution of this case. Although Olinsky did not submit evidence of his experience, other courts in this Circuit have recognized that "there is no question that Olinsky is well experienced in handling social security cases and that the written submissions made were specific and well supported." <u>Cutajar v. Comm'r of Soc. Sec.</u>, No. 19 Civ.5569 (SDA), 2021 WL 1541386, at *3 (S.D.N.Y. Apr. 20, 2021); <u>see</u> <u>Rita M.B. v. Berryhill</u>, No. 16-CV-0262 (DEP), 2018 WL 5784101, at *6 (N.D.N.Y. Nov. 5, 2018) (acknowledging "Olinsky's skill and legal experience in Social Security cases").

The Court finds that fees in the amount of $19,474.50 "are not out of line with the character of the representation and the successful results achieved[,]" nor do they represent a

---

[2] Olinksy claims that "[o]ne-fourth of total past-due benefits are $27,756." (ECF No. 30 ¶ 8). This would mean that Dubie was awarded past-due benefits of $111,024.00. Olinksy provides no evidence to support this amount, and the Court finds none in the record.

6

windfall to Olinsky. McBride-Meyers v. Saul, No. 16 Civ.5696 (SDA), 2020 WL 7398717, at *3 (S.D.N.Y. Dec. 17, 2020). Olinsky requests compensation for 40.2 hours of legal services his office rendered in this case. (ECF No. 30 ¶ 8, 11). Aside from 0.5 hours Olinsky spent and 2.4 hours his paralegal spent preparing the request for the EAJA Fees, the remaining hours were spent litigating this action, including drafting and filing the complaint and 20-page memorandum of law in support of Dubie's motion for judgment on the pleadings. (ECF Nos. 30-5; 30-6; 30-7). Olinsky's efforts were successful in that the case was remanded to the Commissioner for further proceedings, which led to a total award of DIB to Dubie of $77,898.00. (ECF Nos. 30-2; 30-4). Therefore, the hours Olinsky spent on Dubie's case are reasonable. See Cutajar, 2021 WL 1541386, at *3 (finding 39.5 hours reasonable); Rita M.B., 2018 WL 5784101, at *6 (finding 45.4 hours reasonable); Stern, 2020 WL 8678087, at *1 (finding 39.1 hours reasonable).

The de facto hourly rate is also reasonable. The blended hourly rate — i.e., including both attorney and paralegal hours — is $484.44, and deducting paralegal hours at a rate of $100 per hour results in an hourly rate for Olinsky of $508.85. Both rates "fall well within the range of rates recently approved by courts in this [D]istrict and elsewhere in the Second Circuit when analyzing applications under 42 U.S.C. § 406(b)." Rita M.B., 2018 WL 5784101, at *6 (granting fee award that represented blended hourly rate of $564.13, and attorney-only hourly rate of $644.48); see McBride-Meyers, 2020 WL 7398717, at *3 (granting fee award that represented hourly rate of $454.51); Stern, 2020 WL 8678087, at *1 (recommending fee award that represented hourly rate of $558.72).

Accordingly, because both the hours expended and the hourly rate are reasonable in relation to the success Dubie received for her counsel's efforts, the Court finds that $19,474.50

7

would not constitute a windfall for Olinsky and is within the range that other courts in this District have awarded recently in comparable cases. See Cutajar, 2021 WL 1541386, at *3 (finding that reduced fee award of $18,000.00 for 39.5 hours of legal services was reasonable); Stern, 2020 WL 8678087, at *1 (finding that fee award of $21,846.00 for 39.1 hours of legal services was reasonable); Fields v. Saul, No. 18 Civ. 2072 (SDA), 2020 WL 5350483, at *4 (S.D.N.Y. Sept. 5, 2020) (finding that reduced fee award of $19,350.00 for 25.8 hours of legal services was reasonable).

Finally, as Olinsky acknowledges, he must refund to Dubie the EAJA Fees in the amount of $7,015.78.  (ECF No. 30 ¶ 9).  See Wells v. Bowen, 855 F.2d 37, 42 (2d Cir. 1988) (explaining that "dual fee applications are not improper as long as the lesser of any two amounts awarded goes to the attorney's client"); Weaver v. Colvin, No. 15 Civ. 6559 (JPO), 2021 WL 2809107, at *2 (S.D.N.Y. July 6, 2021) (as a condition of the § 406(b) fee award, directing counsel to refund to plaintiff the amount previously awarded under EAJA); Cutajar, 2021 WL 1541386, at *4 (noting that "the Savings Provision in the 1985 amendments to the EAJA specifically requires that where an attorney is awarded fees under both the EAJA and § 406(b), 'the claimant's attorney [must] refund[] to the claimant the amount of the smaller fee'") (quoting Pub. L. No. 99-80, § 3, 99 Stat. 183 (Aug. 5, 1985)).

## IV. CONCLUSION

For the reasons set forth above, the Motion is GRANTED IN PART and DENIED IN PART as follows:

(1)     Olinsky is awarded fees under the SSA § 406(b) in the amount of $19,474.50; and

(2)     Olinsky shall promptly refund to Dubie the sum of $7,015.78, representing the EAJA Fees.

Dated:      New York, New York
            August 12, 2021

SO ORDERED.

_____
SARAH L. CAVE
United States Magistrate Judge